Kimberly Sherman, OSB 174646
Education, Environmental, & Estate Law Group LLC
P.O. Box 728
Eugene, Oregon, 97440
Tel: (503) 910-6172
kim.sherman@e3lawgroup.com

Marianne Dugan, OSB 932563
259 E. 5th Ave. Ste 200-D
Eugene, OR 97401
Tel: (541) 338-7072
mdugan@mdugan.com

Attorneys for Plaintiff

## UNITED STATES DISTRICT COURT
## DISTRICT OF OREGON

| | |
|---|---|
| LEXYNGTON McINTYRE, | 6:18- CV-00768-JR |
| Plaintiff, | |
| v. | PLAINTIFF'S AMENDED UNOPPOSED MOTION FOR LEAVE TO FILE DOCUMENT UNDER SEAL |
| EUGENE SCHOOL DISTRICT 4J, | |
| Defendant. | |

### I.     LOCAL RULE 7.1 CERTIFICATION

Plaintiff's attorney conferred by email with Defendant's attorney on October 17 related to this Motion; Defendant's attorney does not object to this motion to remove the exhibit and re-file it under seal.

PLAINTIFF'S AMENDED MOTION TO FILE DOCUMENT 14-3 UNDER SEAL         – 1 –

## II. PROCEDURAL HISTORY

On October 22, 2018, Plaintiff filed an unopposed motion to seal a document that was posted as an exhibit in Plaintiff's Objection to the magistrate judge's findings and recommendations. *See* Pltf's Objection (ECF 14). The document that Plaintiff sought to seal was attached as Exhibit 3 (ECF 14-3). Plaintiff sought to seal Exhibit 3 as a result of Defendant's objection to inclusion of that document, as "The District objects to the inclusion of any records from R.D.'s administrative process because it is potentially [a] violation of R.D.'s right to confidentiality and is not a 'public record' subject to judicial notice. See 20 U.S.C. § 1412(a)(8); 34 C.F.R. § 303.402." Def. Response to Pltf's Objection (ECF 15) at 13.

On October 26, Magistrate Judge Mustafa T. Kasubhai ordered Plaintiff to "comply with LR 3-7(d) requirements in full, (3-7(3) Order to Seal Documents: A proposed order to seal a document must include language that identifies the persons authorized to review, copy, photograph, and/or inspect the materials) including full compliance with LR 26-4, advising the court as to its legal authority to seal the document identified as Docket 14, Exhibit 3." Order (ECF 18). This amended Motion for Leave to File Under Seal is timely filed.

## III. MOTION TO FILE EXHIBIT 3 UNDER SEAL

Pursuant to LR 3-7(d), Plaintiff moves for leave to place under seal Exhibit 3 attached to Plaintiff's Objection (ECF 14-3). Plaintiff requests that said document be made available only to the parties and attorneys assigned to case 6:18- CV-00768 to review, copy, photograph, and/or inspect the document. A proposed order is submitted along with this motion as Exhibit 1.

## IV. EXPLANATION

There is good cause to file Exhibit 14–3 under seal to maintain the confidentiality of a document related to an administrative hearing under the Individuals with Disabilities Education

Act ("IDEA"). Plaintiff agrees with Defendant that the document submitted as Exhibit 14–3 is the type of document the IDEA requires to be kept confidential.

The United States Code related to the IDEA states "(7)(A) Procedures that require either party, or the attorney representing a party, to provide due process complaint notice in accordance with subsection (c)(2) (which shall remain confidential)." See 20 U.S.C. § 1415(b)(7)(a). See also 34 C.F.R. § 300.508(a) (which states "(a) General. (1) The public agency must have procedures that require either party, or the attorney representing a party, to provide to the other party a due process complaint (which must remain confidential).").[1]

Therefore, Plaintiff agrees that the document, which is a document related to a due process complaint filed with the Oregon Department of Education and therefore subject to 20 U.S.C. § 1415(b)(7)(a), should have remained confidential. Because documents filed in Federal Court are available to any person with the appropriate access to the CM/ECF system and are not limited to only attorneys related to a particular case, Plaintiff agrees with Defendant that Plaintiff should have filed Exhibit 14-3 under seal.

---

[1] The Defendant's objection to Plaintiff's submission of Exhibit 14–3 cites to incorrect authority in support of their objection. 20 U.S.C. § 1412(a)(8) relates to state education agency responsibility to maintain student records in a confidential manner, while 34 C.F.R. § 303.402 relates to services to infants and toddlers. *See* 34 C.F.R. § 303.1. Section 300 of the IDEA relates to school age children who require specially designed instruction in order to benefit from a public agency's offer of a free appropriate public education. 34 C.F.R. § 300.1. The student at the heart of the due process complaint referenced in Exhibit 14-3 was not identified by name or other personally identifiable information; his personally identifiable information is not at risk if Document 14–3 is available to the Court. He was a student in a K-12 school district at the time of the events that gave rise to his due process complaint, and not an infant or toddler. Therefore, 34 C.F.R. § 300 et seq of the IDEA is the appropriate authority for Defendant's argument of confidentiality.

Plaintiff seeks leave to file the document in question under seal and not simply remove or redact the entire document, because Exhibit 14-3 is important evidence in Plaintiff's argument of judicial estoppel in the instant case. Plaintiff would be disadvantaged if Defendant law firm is permitted to argue opposite sides of the exhaustion requirement in two different but similar cases and this Court does not have available evidence of this event.

In the due process complaint filed with the Oregon Office of Administrative Hearings that relates to Exhibit 14-4, Defendant's argued that "[w]ith respect to the Section 504 claims, if Student believes his claim is not related to the denial of a FAPE, but is instead a straight discrimination claim under Section 504 and the ADA, there is no basis to request a hearing under ORS 343.165 and those claims should be dismissed." In the matter of R.D. and Eugene School District, Reply in Support of Motion to Dismiss, OAH Case No. 2018-ABC- 01842 (September 17, 2018) (ECF 14-3) at 2.

In the instant case, Defendants argued that any denial of FAPE under § 504, including discrimination claims, requires exhaustion under IDEA. Defendant asserts that these two positions are not opposite: "Throughout both processes, the District has been consistent that both claims are subject to the exhaustion requirements under the IDEA; R.D.'s attempt at exhaustion was simply untimely because it occurred after his graduation and more than two years after the alleged conduct occurred." Def Resp. to F&R (EACF 15) at 13. Defendant's explanation does not resolve the issue of judicial estoppel because in the instant case, Defendant is arguing that Plaintiff <u>should have</u> filed her claim at the administrative level in order to exhaust IDEA, and is now claiming that Plaintiff could not have filed her claim at the administrative level because IDEA no longer offers a remedy. R.D.'s claims occurred within two years of filing his claim at the administrative level, leaving only the issue of whether graduation from the district schools

PLAINTIFF'S AMENDED MOTION TO FILE DOCUMENT 14-3 UNDER SEAL     - 4 -

frees a plaintiff from the IDEA's exhaustion requirement. In the instant case, Plaintiff has not argued that issue.

## V.   CONCLUSION

Plaintiff respectfully requests that the Court file Document 14–3 under seal.

RESPECTFULLY SUBMITTED this 9th day of November 2018.

/s Kimberly H. Sherman, PhD.
Kimberly Sherman, OSB 174646
kim.sherman@e3lawgroup.com

Attorney for Plaintiff

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 9th day of November, 2018, I served a true and correct copy of the foregoing upon each of the following individuals by causing the same to be delivered by the method and to the addresses indicated below:

X    Via electronic filing

to the following person:

Rebekah R. Jacobson, OSB No. 063024
rjacobson@ghrlawyers.com

Taylor R. Anderson, OSB no. 145526
tanderson@ghrlawyers.com

Garrett Hemann Robertson P.C.
1011 Commercial Street N.E.
Salem, Oregon 97301-1049
T: 503.581.1501
F: 503.581.5891

Of Attorneys for Defendant Eugene School District 4J

/s Kimberly H. Sherman, PhD.
Kimberly Sherman, OSB 174646
kim.sherman@e3lawgroup.com

Attorney for Plaintiff