IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

LEXYNGTON MCINTYRE,

    Plaintiff,

vs.

EUGENE SCHOOL DISTRICT 4J

    Defendant.

Case No. 6:18-cv-00768-MK
**OPINION AND ORDER**

AIKEN, District Judge:

United States Magistrate Judge Jolie Russo issued Findings and Recommendation ("F&R") (doc. 11) in this case on September 12, 2018. Magistrate Judge Russo recommended that defendant's Eugene School District 4J ("District") Motion to Dismiss (doc. 6) be granted. For the reasons stated below, the Court ADOPTS Magistrate Judge Russo's F&R.

**STANDARDS**

Under the Federal Magistrates Act ("Act"), the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). If a party files objections to a magistrate judge's F&R, "the court shall make a de novo

Page 1 – OPINION AND ORDER

determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *Id.*; Fed. R. Civ. P. 72(b)(3).

For those portions of a magistrate judge's F&R to which neither party has objected, the Act does not prescribe any standard of review. *See Thomas v. Arn*, 474 U.S. 140, 152 (1985) ("There is no indication that Congress, in enacting [the Act], intended to require a district judge to review a magistrate's report to which no objections are filed."); *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc) (holding that the Court must review a magistrate judge's findings and recommendations *de novo* if objection is made, "but not otherwise"). Although in the absence of objection no review is required, the Act "does not preclude further review by the district judge[] *sua sponte* . . . under a de novo or any other standard." *Thomas*, 474 U.S. at 154. Indeed, the Advisory Committee Notes to Rule 72(b) recommend that "[w]hen no timely objection is filed," the Court review the magistrate judge's recommendations for "clear error on the face of the record."

## DISCUSSION

On May 3, 2018, plaintiff, a graduate of South Eugene High School, initiated this suit against alleging that, during the 2013-2014, 2015-2016, and 2016-2017 school years, the District violated her rights under the Rehabilitation Act and the Americans with Disabilities Act ("ADA").

The District moves to dismiss plaintiff's claims pursuant to Federal Rule of Civil Procedure 12(b)(6), because plaintiff failed to exhaust her administrative remedies under the Individuals with Disabilities Education Act ("IDEA") and because the claims are barred by the two-year statute of limitations in Or. Rev. Stat. § 12.110. Judge Russo recommends that the Court grant the District's Motion to Dismiss on both grounds.

Plaintiff filed timely objections (doc. 14) to which defendants responded (doc. 15) and plaintiff replied (doc. 16).[1] Therefore, I will review *de novo* the specific portions of the F&R to which plaintiff objected.

I will begin by addressing plaintiff's motion to take judicial notice of three documents. Next, because it is potentially dispositive, I will address plaintiff's judicial estoppel argument, which is based on one of those documents. Then, I will turn to plaintiff's objections—that Magistrate Judge Russo erred in concluding that exhaustion was required and that the claims were barred by the statute of limitations. Finally, I will address plaintiff's argument that Magistrate Judge Russo erred in denying her request for leave to amend the complaint and plaintiff's renewed request for leave to amend.

I. *Judicial Notice*

In her objections, plaintiff, who is represented by counsel, asks the Court to take judicial notice of three documents, including (1) the District's reply brief on a motion to dismiss in case involving a different plaintiff before the Oregon Office of Administrative Hearings; (2) one of Judge Russo's F&R's in another educational discrimination case, *G.M. v. Lincoln Cnty. Sch. Dist.*, 2017 WL 2804996 (D. Or. Apr. 14, 2017); (3) Judge McShane's Opinion and Order adopting the F&R 2017 WL 2804996 (D. Or. June 28, 2017). Plaintiff's requests are denied because they do not comply with the Local Rules. LR 7–1(b) (motions may not be combined with any response, reply, or other pleading).

---

[1] Rule 72(b) permits objections and responses but does not provide for a reply. Nevertheless, the Court has considered plaintiff's reply in reviewing the F&R. In the future, plaintiff should seek leave from the Court to file a reply in support of objections pursuant to Fed. R. Civ. P. 72(b).

II. *Judicial Estoppel*

Plaintiff argues that the District's Motion to Dismiss should be denied because the District took a contradictory position regarding IDEA exhaustion in a reply brief for another case before the Oregon Office of Administrative Hearings. That brief was filed on September 17, 2018, after Magistrate Judge Russo issued the F&R in this case. Because I denied plaintiff's motion to take judicial notice above, the District's reply brief cannot provide a basis for judicial estoppel. But, even if the Court did consider the brief, plaintiff has failed to establish that judicial estoppel applies in this case.

Judicial estoppel "generally prevents a party from prevailing in one phase of a case on an argument and then relying on a contradictory argument to prevail in another phase." *New Hampshire v. Maine*, 532 U.S. 742, 749 (2001). Although "the doctrine of judicial estoppel is not confined to inconsistent positions taken in the same litigation," *Rissetto v. Plumbers & Steamfitters Local 343*, 94 F.3d 597, 605 (9th Cir. 1996), its application is limited "to cases where the court relied on, or 'accepted,' the party's previous inconsistent position." *Hamilton v. State Farm Fire & Cas. Co.*, 270 F.3d 778, 783 (9th Cir.2001).

Even assuming that the District's position in the other case was inconsistent with their position in this case, plaintiff has failed to establish that the Office of Administrative Hearings has issued a ruling in that case, let alone that the ruling relied on or accepted the District's allegedly inconsistent statement.

III. *Plaintiff's Objections – Exhaustion and Tolling the Statute of Limitations*

Plaintiff argues that Magistrate Judge Russo erred in determining that plaintiff was required to exhaust her administrative remedies under the IDEA, based on Judge Russo's finding that plaintiff's discrimination claims seek relief that is also available under the IDEA. Judge Russo

Page 4 – OPINION AND ORDER

explained that "[e]xhaustion is required 'when the gravamen of a complaint seeks redress for a school's failure to provide a [free appropriate public education ("FAPE")], even if not phrased or framed precisely in that way.'" F&R at 6 (quoting *Fry v. Napoleon Cmty. Sch.*, __ U.S. __, 137 S.Ct. 734, 755 (2017). And she further explained:

> Based on the nature of the complaint's allegations, the Court finds plaintiff's discrimination claims under the ADA and the Rehabilitation Act are subject to the IDEA's exhaustion requirement. Indeed, the complaint is premised exclusively on educational harm to plaintiff.[] Specifically, plaintiff alleges the Section 504 Plans[] developed by the District were improperly implemented, such that she was denied educational opportunities, which, in turn, "caus[ed] [her] to feel further behind. Am. Compl. ¶¶ 11-17, 19, 21-25, 29-36 (doc. 4). The substance of plaintiff's grievance is that the District failed to provide instruction tailored to meet her special needs. *Id.* Contrary to plaintiff's assertion, her claims could not have been brought against a public facility that was not a school, or by a nonstudent in a school setting. *See Fry*, 137 S.Ct. at 756 (if essentially the same claims as the student's could not have been brought against a public facility that was not a school or by an adult at the school, "the complaint probably does concern a FAPE even if it does not explicitly say so").

F&R at 6–7 (footnote omitted).

I agree with Magistrate Judge Russo's analysis of the issue and her findings outlined above. I also conclude that she was correct to apply the two-part test from *Fry*, 137 S.Ct. at 756, and correctly concluded that, under the test, plaintiff's discrimination claims in this case are subject to the IDEA exhaustion requirement. The analysis above also demonstrates that the F&R did not, as plaintiff objects, fail to address plaintiff's ADA claims. Instead, Judge Russo explicitly considered plaintiff's ADA and Rehabilitation Act claims together, and I conclude that Judge Russo did not err in apply an identical exhaustion analysis to the two sets of claims. In sum, I find no error in this portion of Judge Russo's F&R.

Plaintiff also objects to Judge Russo's finding that plaintiff's claims were not subject to minority tolling. Plaintiff argues minority tolling is not inconsistent with the IDEA because the claims do not seek relief under the IDEA and that Judge Russo inappropriately rejected plaintiff's

arguments because they were "new." Plaintiff also objects to Judge Russo's finding that plaintiff's claims were not subject to equitable tolling. Having reviewed the objections and the F&R *de novo*, I find no error.

Finally, having reviewed the record and F&R in this case, I find no clear error in the portions of the F&R to which the parties did not object.

IV. *Motion for Leave to Amend*

In her Response (doc. 7) to the District's Motion to Dismiss, plaintiff also stated:

> If a motion to dismiss is granted, "[the] district court should grant leave to amend even if no request to amend the pleading was made." *Henry A. v. Willden*, 678 F.3d 991, 1005 (9th Cir. 2012). Therefore, Plaintiff requests leave to amend if the court grants Defendant's Motion.

Pl.'s Resp. to Mot. to Dismiss at 2. The District asked that the Court dismiss with prejudice, arguing that amendment would be futile given plaintiff's failure to exhaust her administrative remedies and failure to initiate the suit within the statute of limitations. Reply in Support of Mot. to Dismiss (doc. 8) at 13.

Judge Russo construed that statement as a motion for leave to amend the complaint and denied the motion for failing to comply with the Local Rules. F&R at 10. But Judge Russo recommended that the Court dismiss the complaint without prejudice and that plaintiff be required to file any motion to amend the complaint within fourteen days of the District Judge's order. *Id.*

In her Objections, plaintiff "renews her request to amend," citing, again to *Henry A.* Obj. at 40. In response, the District asks plaintiff's First Amended Complaint be dismissed with prejudice and that plaintiff be denied leave to amend because amendment would be futile. Resp. to Obj. at 14. In reply, plaintiff clarifies that she did not mean to "file a motion within her response brief; rather, Plaintiff asserted a future right to amend her complaint should the Court

Page 6 – OPINION AND ORDER

grant Defendant's motion to dismiss." Reply in Support of Obj. at 18. Given that clarification, I ADOPT Judge Russo's recommendation that plaintiff have fourteen days from the date of this Order to file a motion to amend the complaint. At that point, I will consider any arguments on the issue that the parties wish to present and will keep in mind the "liberal policy in favor of allowing pleading amendments" embodied by Federal Rule of Civil Procedure 15. *United States v. Gila Valley Irrigation Dist.*, 859 F.3d 789, 804 (9th Cir. 2017).

## CONCLUSION

For the reasons stated above, I ADOPT Magistrate Judge Russo's F&R (doc. 11) in its entirety. The District's Motion to Dismiss (doc. 6) is GRANTED and the First Amended Complaint is DISMISSED without prejudice. Plaintiff may seek leave to file a second amended complaint by properly supported motion within fourteen days of the date of this Order. Plaintiff is advised that failure to seek leave to amend within the allotted time will result in a judgment of dismissal.

IT IS SO ORDERED.

DATED this 23 day of January 2019.

_____
Ann Aiken
United States District Judge